FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

2013 MAY 28 P 1: 32

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| DELORME PUBLISHING COMPANY, INC., and DELORME INREACH, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> BRIARTEK IP, INC. and BRIARTEK, INC., <br><br> Defendants. | Civil Action No. 1:13CV640 LMB/TRJ <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

DeLorme Publishing Company, Inc. and DeLorme InReach, LLC (collectively "DeLorme") file their complaint for declaratory judgment as follows:

### NATURE OF THE ACTION

1. This is an action for a declaratory judgment that DeLorme does not infringe any valid or enforceable claim of United States Patent No. 7,991,380 (the "'380 Patent"), and for a declaratory judgment that the claims of the '380 Patent are invalid and unenforceable. A copy of the '380 Patent is attached as Exhibit A.

### THE PARTIES

2. Plaintiff DeLorme Publishing Company, Inc. is a Maine company with a principal place of business at 2 DeLorme Drive, Yarmouth, Maine 04096.

3. Plaintiff DeLorme InReach, LLC is a Maine company with a principal place of business at 2 DeLorme Drive, Yarmouth, Maine 04096.

4. Upon information and belief, Defendant BriarTek IP, Inc. ("BriarTek IP") is a Virginia company located at 3129 Mount Vernon Avenue, Alexandria, Virginia 22305.

5. Upon information and belief, Defendant BriarTek, Inc. ("BriarTek Inc.") is a Virginia company located at 3129 Mount Vernon Avenue, Alexandria, Virginia 22305. Collectively, the defendants will be referred to as "BriarTek."

## JURISDICTION AND VENUE

6. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

8. Upon information and belief BriarTek Inc. and BriarTek IP are subject to the jurisdiction of this Court because they are incorporated in Virginia, and maintain their principal place of business in this judicial district.

## BACKGROUND

9. This action is filed to resolve an actual and justiciable controversy between the parties. On August 17, 2012, BriarTek filed a complaint with the International Trade Commission ("ITC" or "Commission") alleging violations of Section 337 of the Tariff Act of 1930 for the claimed importation into the United States and sale after importation of certain two-way global satellite communication devices, systems and components thereof that infringe the '380 Patent, based on DeLorme's sale of a satellite emergency notification device known as the InReach™. On September 17, 2012, the Commission began an investigation into the allegations in BriarTek's complaint.

10. Though nominally filed in the name of BriarTek IP, as the purported assignee of the '380 Patent, the ITC complaint was largely based on the activities of BriarTek Inc., the

manufacturer of certain articles claimed to practice the '380 Patent, and, at the time, the sole licensee of the '380 Patent. Upon information and belief, BriarTek Inc. shares common ownership with BriarTek IP.

11. More specifically, BriarTek's complaint before the Commission alleged, *inter alia,* that DeLorme infringed claims 1, 2, 5, 10–12, and 34 of the '380 Patent by virtue of its InReach™ devices, systems and components thereof. In its affirmative defenses, DeLorme alleged, *inter alia,* non–infringement and invalidity of the '380 Patent.

12. As DeLorme had a pre-existing business plan to move production of the InReach™ devices on shore, on March 7, 2013, DeLorme moved to terminate the ITC investigation on the basis of a consent order, which was entered over BriarTek's objection on March 15, 2013.

13. Under the consent order entered in the ITC investigation, DeLorme agreed that it would not import, or sell after importation, the accused InReach™ devices, but did not admit—and indeed expressly denies—that any unfair acts were committed.

14. True to its word, DeLorme has moved its manufacture of the InReach™ devices to Yarmouth, Maine, and has not imported, or sold after importation, any InReach™ devices manufactured overseas since April 1, 2013 (the date designated for compliance in the consent order).

15. On April 5, 2013, the ITC issued a Notice of Commission Decision Not to Review an Initial Determination Terminating the Investigation Based on a Consent Order Stipulation, which was published in the Federal Register on April 11, 2013.

16. Even before notice of the Commission's decision to terminate the investigation with respect to DeLorme was published in the Federal Register, BriarTek filed an enforcement

complaint with the ITC on April 10, 2013, urging the Commission to open an investigation as to whether: (a) alleged third-party sales of InReach™ devices by Washington-based reseller Recreational Equipment Inc. ("REI"); (b) alleged overseas manufacture of ubiquitous transceivers by Virginia-based supplier Iridium Satellite, Inc. ("Iridium"); and/or (c) alleged activation of InReach™ devices obtained by end users were a violation of such order.

17.     In both its original complaint to the Commission and in its enforcement action, BriarTek is asserting that DeLorme is infringing the '380 Patent, and that the '380 Patent is valid, both of which DeLorme disputes—although it is barred by operation of the consent order from challenging the validity or enforceability of the '380 Patent in the enforcement action before the Commission.

18.     By Notice issued May 20, 2013, the ITC determined to institute enforcement proceedings to determine whether DeLorme is in violation of the consent order.

19.     Through at least the enforcement action and prior Commission proceedings, BriarTek has engaged in efforts to disrupt DeLorme's existing business relationships with a major reseller (REI) and a major supplier (Iridium), and such efforts have placed and continue to place DeLorme under a reasonable and serious apprehension of suit. There is a conflict of asserted rights among the parties and an actual controversy exists with respect to the validity, infringement, and scope of the '380 Patent.

**ALLEGATIONS IN SUPPORT OF DECLARATORY JUDGMENT JURISDICTION**

20.     DeLorme realleges and reincorporates by reference each and every allegation contained in paragraphs 1-19.

21. Through communications, ITC filings, and conduct, BriarTek has repeatedly threatened DeLorme's business, including its business relationships with major resellers such as REI and major suppliers such as Iridium.

22. Upon information and belief, BriarTek's own satellite emergency notification device, the CerberLink™, cannot effectively compete with the InReach™ device in the consumer or other marketplace. As such, BriarTek is using the Commission—and more specifically, the '380 Patent—in an improper attempt to shut down its lower-priced competition.

23. DeLorme's ability to sell or activate previously-sold InReach™ devices has been called into question by BriarTek's actions, and DeLorme seeks to resolve issues of non-infringement and invalidity of the '380 Patent once and for all.

## FIRST CLAIM FOR RELIEF
## [DECLARATION OF NON-INFRINGEMENT OF THE '380 PATENT]

24. DeLorme realleges and reincorporates by reference each and every allegation contained in paragraphs 1–23.

25. Based on the above-stated actions, DeLorme is informed and believes, and on that basis avers, that BriarTek contends that use of the InReach™ device infringes one or more claims of the '380 Patent.

26. DeLorme has not infringed and is not infringing any valid and enforceable claim of the '380 Patent.

27. Accordingly, an actual controversy exists between DeLorme and BriarTek as to whether or not DeLorme has infringed, or is infringing, the '380 Patent, either directly or indirectly.

28. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. 2201, *et seq.*, DeLorme is entitled to a declaration, in the form of a judgment, that by

its activities DeLorme has not infringed and is not infringing any valid and enforceable claim of the '380 Patent; has not contributed to infringement and is not contributing to infringement of the '380 Patent; and/or has not induced infringement and is not inducing infringement of the '380 Patent. Such a determination and declaration is necessary and appropriate at this time.

## SECOND CLAIM FOR RELIEF
## [DECLARATION OF INVALIDITY OF THE '380 PATENT]

29. DeLorme realleges and reincorporates by reference each and every allegation contained in paragraphs 1–28.

30. Based on the above–stated actions, DeLorme is informed and believes, and on that basis avers, that BriarTek contends that use of the InReach™ device infringes one or more claims of the '380 Patent.

31. The '380 Patent is invalid for violation of one or more provisions of 35 U.S.C. §§ 101, 102, 103, and/or 112.

32. Accordingly, an actual controversy exists between DeLorme and BriarTek as to the validity of the '380 Patent. The controversy is such that, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201 *et seq.*, DeLorme is entitled to a declaration, in the form of a judgment, that the '380 Patent is invalid. Such a determination and declaration is necessary and appropriate at this time.

## JURY DEMAND

33. Pursuant to Federal Rule of Civil Procedure 38, DeLorme requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE DeLorme respectfully requests a judgment against BriarTek as follows:

A. For a declaration that DeLorme has not infringed and does not infringe any claim of the '380 Patent.

B. For a declaration that the '380 Patent is invalid;

C. For a preliminary and permanent injunction enjoining and restraining BriarTek, and its respective officers, partners, employees, agents, parents, subsidiaries or anyone in privity with them, and all persons acting in concert with them and each of them from making any claims to any person or entity that any product of DeLorme's infringes the '380 Patent;

D. For a declaration that this is an exceptional case under 35 U.S.C. § 285;

E. For a determination that DeLorme be awarded its costs and reasonable attorneys' fees incurred in this action; and

F. For a determination that DeLorme receive any further relief the Court may deem just and proper.

Dated: May 28, 2013                                Respectfully submitted,

                                                             /s/
_____
Edward A. Pennington (VSB No. 23511)
epennington@sgrlaw.com
John P. Moy (VSB No. 51086)
jmoy@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC 20007
Tel: (202) 263–4300
Fax: (202) 263–4348

Peter J. Brann
pbrann@brannlaw.com
*(pro hac vice* papers pending)
Stacy O. Stitham
sstitham@brannlaw.com
*(pro hac vice* papers pending)
Nathaniel A. Bessey
nbessey@brannlaw.com
*(pro hac vice* papers pending)
BRANN & ISAACSON
184 Main Street; P.O. Box 3070
Lewiston, ME 04243–3070
Tel: (207) 786–3566
Fax: (207) 783–9325

*Attorneys for Plaintiffs*
*DeLorme Publishing Company, Inc.*
*DeLorme InReach, LLC*