UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DELORME PUBLISHING COMPANY, INC., )
*et al.*, )
 )
    Plaintiffs, )
 )
    v. )    Civil Action No.
 )    1:13–CV–00640 LMB/TRJ
 )
BRIARTEK IP, INC., *et al.*, )
 )
    Defendants. )

## [PROPOSED] PROTECTIVE ORDER *

1.    This Protective Order shall be applicable to and govern all depositions, documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, and all other discovery taken pursuant to the Federal Rules of Civil Procedure, as well as all documents produced by either party in response to informal discovery requests, and testimony adduced at trial, matters in evidence and computerized records (collectively, "RECORDS") which the disclosing party designates as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" hereafter furnished, directly or indirectly, by or on behalf of any party in connection with this action. It shall likewise govern any fact and expert discovery developed in related proceedings between the parties before the U.S. International Trade Commission, which the parties are required to make use of pursuant to court order dated July 18, 2013.

2.    In designating RECORDS as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," a party shall make such a designation of

*See hand-written modifications to proposed version.

CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY exclusively for RECORDS which that party in good faith believes contain trade secret or other confidential, competitive or proprietary business information used by it in, or pertaining to, its business which the party takes appropriate efforts to keep confidential or which the party is otherwise required to keep confidential by agreement or law. For a designation of RECORDS as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the party must additionally believe in good faith that the RECORDS must be protected from disclosure to the parties themselves in this litigation and must be subject to the restricted disclosure provided for below. CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be used solely for the purpose of conducting this litigation and not for any other purpose. Any RECORDS designated "CONFIDENTIAL BUSINESS INFORMATION" in related proceedings between the parties before the U.S. International Trade Commission, which the parties are required to make use of pursuant to court order dated July 18, 2013, must be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to the provisions of this Protective Order, subject to the process outlined in Section 9 to challenge a confidentiality designation.

3.     RECORDS designated as CONFIDENTIAL may be disclosed only to the following persons:

a.     outside counsel of record working on this action on behalf of any party, as well as Kevin Haley, general counsel for DeLorme Publishing Company, Inc. and DeLorme inReach working for an outside firm;

b.     any paralegal assistants, stenographic and clerical employees working under the direct supervision of such counsel;

c.    on behalf of Delorme Publishing Company, Inc. and DeLorme inReach, LLC: Michael Heffron, Sarah Kramlich, and/or Adrian Smith.

d.    on behalf of BriarTek IP, Inc. and BriarTek, Inc.: Joseph Landa and Charles Collins;

e.    any person not employed by a party who is expressly retained or sought to be retained by any attorney described in paragraph 3(a) to assist in preparation of this action for trial, with disclosure only to the extent necessary to perform such work, the person cannot be otherwise employed by, consultants to, or otherwise affiliated with a non–governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of ITC Investigation No. 337–TA–854 or No. 337–TA–854 Enforcement;

f.    any witnesses who appear for deposition or trial in this matter, and their counsel of record, during the course of their testimony, upon the witness being advised of the need and agreeing to keep the RECORDS confidential; and

g.    the Court.

4.    RECORDS designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may be disclosed only to the following persons:

a.    Outside counsel of record working on this action on behalf of any party, not including Kevin Haley, general counsel for DeLorme Publishing Company, Inc. and DeLorme inReach working for an outside firm;

b.    Persons identified in 3(b), and 3(e)–(g).

5.    The persons described in paragraphs 3(e) shall have access to the CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material once

they have been made aware of the provisions of this Order and have manifested their assent to be bound thereby by signing a copy of the annexed "ACKNOWLEDGMENT." A list shall be prepared by counsel for the parties hereto of the names of all such persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is disclosed, or to whom the information contained therein is disclosed, and such list shall be available for inspection by the Court and opposing counsel upon request. The other persons described in paragraphs 3 and 4 shall have access to the CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material pursuant to the terms of this Order without signing a copy of the annexed "ACKNOWLEDGEMENT." Similar but separate lists shall also be prepared with respect to CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material provided by third parties. At the time of the termination of this lawsuit by settlement, judgment or otherwise, the parties hereto shall provide other counsel with a copy of the pertinent aforementioned lists upon request. The persons receiving CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material are enjoined from disclosing it to any other person, except in conformance with this Order. This Stipulation will not require the disclosure of experts other than by Local Rule, Federal Rule of Civil Procedure, and/or Court Order.

6.      Each individual who receives any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

7.      The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material that is provided under this Order shall maintain such

RECORDS in a secure and safe area and shall exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such RECORDS as is exercised by the recipient with respect to its own proprietary information.

8.    Parties shall designate CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material as follows:

a.    In the case of RECORDS produced pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, interrogatory answers, responses to requests for admissions, and the information contained therein, designation shall be made by placing the following legend on any such RECORD prior to production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the event that a party inadvertently fails to stamp or otherwise designate a RECORD as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY at the time of its production, that party shall have five (5) business days after discovery of such error to so stamp or otherwise designate the RECORD.

b.    In the case of depositions, designation of the portion of the transcript (including exhibits) which contains CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material shall be made by a statement to such effect on the record in the course of the deposition or, upon review of such transcript by counsel for the party to whose CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material the deponent has had access, said counsel shall designate within fourteen (14) days after counsel's receipt of the transcript.

c.    Transcripts of depositions will not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, or other matters. If a deposition transcript is filed and if it contains CONFIDENTIAL or HIGHLY CONFIDENTIAL

– ATTORNEYS' EYES ONLY material, the transcript shall bear the appropriate legend on the caption page and shall be filed ~~under seal.~~ with a sealing motion that complies with ¶ 2 (F) of the Rule 16 order (No. 37).

9. A party shall not be obligated to challenge the propriety of a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with such designation, such party shall provide to the producing party written notice of its disagreement with the designation. The parties shall first try to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party challenging the designation may request appropriate relief from the Court, but in any event, such relief from the Court shall not be requested before ten (10) days after the producing party is served with the required notice. If materials of a non-party to ITC Investigation No. 337–TA–854 or Investigation No. 337–TA–854 Enforcement, are sought to be redesignated, the party seeking redesignation shall provide the supplier at least seven (7) days notice within which to take action before the Court to preserve the confidentiality of and to protect its rights in, and to, such confidential business information. The burden of proving that RECORDS have been properly designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be on the party making such designation. ¶ 2(F) of the Rule 16 order and

10. Parties shall abide by the ~~Eastern District of Virginia's~~ Local Civil Rule 5, regarding Designation and Handling of Documents Under Seal, for all RECORDS designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY. ~~The Clerk of the Court is directed to maintain under seal all RECORDS and all transcripts of deposition testimony filed with this Court in this litigation by any party which are, in whole or in part, designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY,~~

~~including all pleadings, deposition transcripts, exhibits, discovery responses or memoranda purporting to reproduce or paraphrase such RECORDS. The person filing such RECORDS shall designate to the Clerk that all or a designated portion thereof is subject to this Order and is to be kept under seal, except that upon the default of the filing party to so designate, any party may do so.~~

11. In the event that any CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material is used in any court proceedings in connection with this litigation, it shall not lose its CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

12. Nothing in this order shall preclude any party to the lawsuit, their attorneys or any other person from disclosing or using, in any manner or for any purpose, any RECORDS not obtained in this lawsuit, if such RECORDS are lawfully obtained from a third party, even though the same RECORDS may have been produced in discovery in this lawsuit and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

13. Nothing in this order shall preclude any party to the lawsuit or their attorneys (a) from showing RECORDS designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY to an individual who either prepared or reviewed the RECORDS prior to the filing of this action, or (b) from disclosing or using, in any manner or for any purpose, RECORDS from the party's own files which the party itself has designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY.

14. Within sixty (60) days after the latter of (a) the final termination of litigation between the parties or (b) the final termination of all proceedings pending before the U.S.

International Trade Commission between the parties, all CONFIDENTIAL and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material, and all copies thereof, except such copies which have been filed with the Court, utilized in accordance with this Order, or which are and will continue to be maintained in a secure place pursuant to the continuing obligations of this Order, shall be returned to the party which produced it or shall be destroyed.

15.     Except as specifically provided herein, the terms, conditions and limitations of this Order shall survive the termination of this action at the option of the designating party.

16.     This Order is without prejudice to the right of any party to seek relief from the Court, upon good cause shown, from any of the provisions contained in paragraphs 1 through 14, inclusive hereof.

**IT IS SO ORDERED.**

Enter / August 8, 2013

/s/Thomas Rawles Jones, Jr.

The Honorable T. Rawles Jones, Jr.
UNITED STATES MAGISTRATE JUDGE

## ACKNOWLEDGEMENT

The undersigned acknowledges that he/she has read the PROTECTIVE ORDER which was entered by the Court on _____, 2013 in *DeLorme Publishing Company, Inc. and DeLorme InReach, LLC v. BriarTek IP, Inc. and BriarTek, Inc.,* No. 13–CV–00640 LMB/TRJ, that he/she is one of the persons contemplated in paragraphs 3 and 4 thereof as authorized to receive disclosure of RECORDS designated CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by any of the parties or by third parties, and that he/she fully understand and agrees to abide by the obligations and conditions of the Protective Order.

The undersigned represents that they are not otherwise employed by, consultants to, or otherwise affiliated with a non–governmental party, or are employees of any domestic or foreign manufacturer, wholesaler, retailer, or distributor of the products, devices or component parts which are the subject of ITC Investigation No. 337–TA–854 or No. 337–TA–854 Enforcement;

The undersigned further consents to be subject to the jurisdiction of the United States District Court for the Eastern District of Virginia for purposes of any proceedings relating to performance under, compliance with or violation of the above–described Order.

By: _____

Dated: _____, 2013