IN THE UNITES STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| DELORME PUBLISHING COMPANY, INC., And DELORME INREACH, LLC, <br><br>  Plaintiffs, <br><br>  v. <br><br> BRIARTEK IP, INC. and BRIARTEK, INC. <br><br>  Defendants. <br><br> BRIARTEK IP INC., <br><br>  Counterclaim-plaintiff, <br><br>  v. <br><br> DELORME PUBLISHING COMPANY, INC., And DELORME INREACH, LLC, <br><br>  Counterclaim-defendants. | Civil Action No. 1:13-CV-00640 LMB/TRJ |

**DEFENDANT'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF BRIARTEK IP, INC.'S OPPOSITION TO DELORME MOTION FOR SUMMARY JUDGMENT OF INVALIDITY**

Defendant BriarTek IP, Inc. by counsel, provide the Court with Notice of Supplemental authority relevant to BriarTek IP, Inc.'s Opposition to DeLorme's Motion for Summary Judgment of Invalidity. The Motion for Summary Judgment has been briefed and was argued on February 21, 2014. The parties are submitting claim construction submissions on March 3, 2014.

1

On <u>February 24, 2014</u>, the Court of Appeals for the Federal Circuit issued a precedential decision in *Elcommerce.com, Inc. v. SAP AG and SAP America, Inc.,* (2011-1369). Attached as Exhibit A.

The opinion is relevant to BriarTek IP, Inc.'s arguments that DeLorme cannot meet its burden of proof as to how one of ordinary skill in the art would understand a reference or the asserted patent without the use of an expert. See BriarTek's Opposition at pages 5 (Expert testimony and burden of proof).

In the *Elcommerce* decision the Federal Circuit addressed the following issue:

> For the system claims the ruling of invalidity is vacated, for the summary judgment was based on an incorrect evidentiary premise. ***SAP had incorrectly informed the district court that Federal Circuit precedent makes unnecessary consideration of evidence of the knowledge and understanding of the relevant technology by persons of skill in the field of the invention.*** Thus SAP declined to provide evidence of how such persons would view the description of "structure, materials, or acts" in the specification for performance of the several functions claimed in the form authorized by 35 U.S.C. §112 ¶6. On this absence of evidence, the district court held that every claimed function was devoid of support, and therefore that every system claim is invalid on the ground of indefiniteness. Because invalidity must be proven by clear and convincing evidence, we vacate the court's rulings with respect to the system claims, and remand for determination of validity on an appropriate evidentiary record and standard.

Exhibit A at 3 (emphasis added). In addressing this issue the Court of Appeals for the Federal Circuit stated:

> This court has "noted that 'typically' expert testimony will be necessary in cases involving complex technology." *Centricut, LLC v. Esab Grp., Inc.,* 390 F.3d 1361, 1370 (Fed. Cir. 2004) (quoting Schumer v. Lab. Computer Sys., Inc., 308 F.3d 1304, 1315 (Fed. Cir. 2002)). However, SAP apparently persuaded the district court (and our colleague in dissent) that no evidence of the understanding and knowledge of persons of skill in the field need be presented or indeed would be useful even if the trial court thought otherwise.

Exhibit A at 24. The Court of Appeals for the Federal Circuit went on to note:

> While "the person of ordinary skill in the art" is a legal construct, like "the reasonable man," and claim construction is ultimately a matter for the judges, it cannot be assumed that judges are persons of ordinary skill in all technological arts.
>
> Nor can it be assumed that, without evidence, a general purpose judge could ascertain the position of persons of skill in the art and conclude that there is not a shred of support for any of the eleven interrelated means-plus function claim limitations, as argued by SAP. The district court rightly was concerned about what a person of skill in the art might make of the lengthy written description and flow-charts and the multiple claimed functions. The judge repeatedly asked for evidence of what such a person would understand in this particular setting. Instead of evidence, SAP submitted only attorney argument.
>
> ….
>
> Without evidence, ordinarily neither the district court nor this court can decide whether, for a specific function, the description in the specification is adequate from the viewpoint of a person of ordinary skill in the field of the invention. We do not of course hold that expert testimony will always be needed for every situation; but we do hold that there is no Federal Circuit or other prohibition on such expertise. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). The district court persistently asked for evidence and was given none. Without more SAP cannot overcome the presumption of patent validity.
>
> We conclude that the district court erred in granting summary judgment without a proper evidentiary basis for its conclusion. The burden was on SAP to prove its case, and in the absence of evidence provided by technical experts who meet the Daubert criteria there is a failure of proof. ***Attorney argument is not evidence.***

Exhibit A at 28-30 (emphasis added).

Dated: February 25, 2014         \_\_/s/ John R. Fuisz_____
John R. Fuisz (VSN# 34365)
Sudip Kundu (*pro hac*)
THE FUISZ-KUNDU GROUP LLP
1455 Pennsylvania Avenue, NW
Suite 400
Washington, DC 20004
T: 202.621.1889
F. 202.652.2309
Email: Jfuisz@fuiszkundu.com

*Counsel for Defendant BriarTek IP, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 25, 2014, I served the foregoing document on the following by the methods indicated:

BY ELECTRONIC MAIL and ECF

Edward A. Pennington
SMITH, GRAMBRELL & RUSSELL, LLP
1055 Thomas Jefferson Street, NW
Suite 400
Washington, DC 20007
Email: epennington@sgrlaw.com

Counsel for DeLorme

| | |
|---|---|
| Dated: February 25, 2014 | __/s/ John R. Fuisz_____ |
| | John R. Fuisz (VSN# 34365) |
| | Sudip Kundu (*pro hac*) |
| | THE FUISZ-KUNDU GROUP LLP |
| | 1455 Pennsylvania Avenue, NW |
| | Suite 400 |
| | Washington, DC 20004 |
| | T: 202.621.1889 |
| | F. 202.652.2309 |
| | Email: Jfuisz@fuiszkundu.com |
| | |
| | *Counsel for Defendant* |
| | *BriarTek IP, Inc* |